In our next case this morning for oral argument is United States v. Bridges, Appeal No. 24-2652. Good morning, may it please the court. Bill Tice for Mr. Bridges. This case involves a sentencing guideline that doesn't really come up very often. The district court judge had a very specific job to perform and that was to find beyond a reasonable doubt that Mr. Bridges was guilty of two separate conspiracies and from that flowed various sentencing enhancements. We know that the judge was aware of his duty because it seems like he was the one who really brought up the case and both sides were kind of not really too aware of it and he did of course impose the enhancements but his explanation for how he got there leaves a lot to be desired. Mr. Tice, could I just clarify something please about your argument? Is your argument that the district court didn't make the finding it needed to or that the district court found that your client had conspired to commit both robberies but didn't explain that finding? It's the latter. He made that finding because otherwise he couldn't have imposed those enhancements and he didn't explain it properly. As far as we can tell from the record, he focused in on the fact that Bridges had been present in these two meetings. Now it's also sort of lurking beneath the surface and the government brings this out that he seemingly relied on the fact that Bridges was seen running out of the stores on both occasions. So those are two things. Attendance at the meetings, running out the store and that's really all that the judge had. Well he also observed the trial, right? He obviously saw all the evidence come in and the testimony come in and so he had that as far as all the facts that were before him. Yes, and that makes this case sort of unusual in another respect that it's not just a PSR or a guilty plea, it's a trial. But yet there's no explanation of how those things come into play. What did he hear at the trial other than any points to the client attended the meetings? Would harmless error apply here? Because as Judge Lee notes, the judge presided over the trial. If there was sufficient evidence in the record that came out during the trial that would support the court's finding, can we apply a harmless error analysis? I don't think so and I want to be quick to note that the government has never raised harmless error. I understand. I'm going to ask them the same question. I think this court should be really leery of taking up something that the government hasn't raised and hence hasn't been briefed. Now they come sort of close to harmless error in saying there's sufficient evidence in the record to support those findings, but that once again is looking at the wrong issue. Is harmless error something we can apply at a guideline calculation determination? Oh, this court I think routinely applies harmless error in guideline calculations, but the normal course of events is that the government raised it and it sort of defies imagination that the government in briefing this case sort of didn't really think, oh, should we raise harmless error? Although we do have cases where we've gone to harmless error even where the government didn't raise it. So with that, what is your case for why the error was not harmless here? It's not harmless here because we really don't know what the judge was thinking. The government of course has got the burden on harmless error and what they've got to be able to show to you if you want to go down that path is that despite the fact that the judge didn't explore his reasoning, he just has to find, he had to find, that Bridges conspired as to both of these robberies. And that really requires a lot of mental gymnastics. Now the three of you here today maybe, I don't know, I can't read your minds, maybe you feel like you would have convicted Bridges of either one or both of these robberies or conspiring to commit both of these robberies, but that's not really the same as saying Judge Johnston inevitably had to have come to that result even though he didn't tell us how he would get to that result. So how much explanation do you think should be required of district judges in a situation like this? From your brief, I kind of inferred that it would be something less than what Rule 52 would require for a bench trial because this is in terms of sentencing, unless I'm putting words in your mouth. It seems like Rule 52 wouldn't necessarily apply. And in the context of sentencing, we have held in lots of cases that where a judge makes a finding, the explanation of that finding need not be completely satisfactory to everyone in the courthouse. And so I'm wondering what sort of rule you would like us to articulate with regard to how much explanation a district judge needs to give in this particular circumstance. Well, I don't think anyone could ever give you some sort of one-size-fits-all for this. Part of our job is to kind of instruct the district courts on what they should do next. I think there are things you can say in this opinion that will alert district judges as to what they should do and certainly what they should not do. And if the district judge is going to set up facts in support of the conclusion, if those facts are based on errors of law, that's not a good explanation. Saying, oh, he attended a meeting and ignoring what he agreed to at the meeting, that's not good enough. Would that be an error of law or an error of fact? It sounds like a factual error you're talking about. Well, it's an error in that the fact is he attended the meeting. And then we have the conclusion, oh, the judge's conclusion, therefore he conspired. That depends on a misapplication of the law. It is not the law that someone who attends a meeting is guilty of conspiracy. We've held with other guidelines that a judge can make implicit findings and they would suffice. That's true. Why wouldn't that apply here? It doesn't apply here because the implicit finding is if you attend a meeting, you conspired. That's the rub. And one thing, I don't want to lose sight of a couple things that I know I'm getting close to rebuttal. Well, 99% of the cases you see involve cases where the judge is deciding matters as a preponderance of the evidence. This is really so different. And the other thing that's unusual about this case, and I think would give guidance to judges in the future, although it's probably stuff that's not going to come up again, there were two very unusual facts in this case that any responsible fact finder would want to take note of. Bridges had tried to plead guilty and told the judge, I went there because I wanted to see what my girlfriend was doing. The judge didn't say, oh, that's a load of whatever. The judge said, wait a second, you can't plead guilty because I'm hearing things that are inconsistent with your guilt. And the jury acquitted him of those. Although the judge couldn't have commented on that during a Rule 11 plea colloquy because otherwise you'd say the judge was interfering with it, to be fair. Right. But the judge could say in his mind, I don't really go for that. But the judge did the responsible thing and said, you're telling me facts that are inconsistent. I can't take the plea. We know what the defendant said at the attempted plea. We know what the judge did. And yet in making the findings at the sentencing, there's no mention of that. And the other, I think I want to save the 51 seconds for rebuttal. Okay. I think I've made my point. Thank you, Mr. Tice. Ms. Altebeth, good morning. Good morning. May it please the court, Haley Altebeth on behalf of the United States. The district court did not commit procedural error in resolving the party's dispute regarding Guideline 1B1.2D. At sentencing, the district court made findings showing that the defendant conspired to rob both the Best Buy and Simply Max stores. In the sentencing transcript, the district court specifically found that the defendant physically met up with the co-conspirators before each robbery, that the defendant traveled to the robbery site in a caravan with the other co-conspirators in each robbery, and that after the robberies, the defendant fled with the robbery crew back toward the same vehicles that they had used to get to the robbery site. In addition to that, the district court adopted the PSR, which included more factual findings regarding... Does it matter? I think the district court adopted the PSR after the guideline determination. Does that matter? I don't believe it does in this instance for this guideline application as the district court adopted all of the facts relevant to the conspiracy count. Where do you see where the district court expressly held that Bridges conspired to commit each of these robberies? Because what strikes me is he goes off into a tangent about the meetings. He says, I can't remember from trial how many meetings. Can anybody help me? And the lawyers don't really help him. And then from there, he says, I make the finding. Yes. So tell me, where's the express findings that you say you see there, the express explanation? So the express explanations regarding those findings I just listed are on the appellate record at A25 and A26. Those do precede his ultimate finding that Section 1B1.2D applies. But regarding his application of that, I think it's fairly clear because we're only talking about the robberies. But he says, I can't recall if that testimony about the meetings was for both robberies or just one. And I don't see him circling back to say, OK, I've decided that the meeting I recall from trial was about this robbery or that robbery or both robberies. Your Honor, if we look at the record on A26, I believe, and later on A25. So on A25, towards the bottom of the page. Can you tell me what page of the transcript that is? 17. 17. Thank you. Looking at line 18, the court says, but you are correct. They had to have met up somewhere because they all went in one or two vehicles to the location. So they had to physically meet up somewhere. Which robbery is he talking about? In that instance, he is talking about both. In the sentence preceding it, he said, I read that to mean that he is speaking about both robberies. Even though the sentence before it says he can't recall if the testimony related to both robberies or just one. I read the next sentence saying, but you are correct. They had to have met up prior to both robberies because he recalled that he went in one or two vehicles with the co-conspirators to both of the robberies. But then he goes on. The defense counsel speaks up after that and says, my recollection is that the testimony was contradictory. And the court says, OK, yes, all right. But yes, she did testify that she drove him there. And I have a very vivid memory of the video of the parking lot. So again, it's hard to tell which robbery the court is talking about. It is not a model of clarity on those two pages. But I do think that because we know there are only two robberies here and the ultimate result is that the district court applies the guideline and says that he's applying the guideline for obviously both of those conspiracies, there's no question about which robberies we're discussing. Is that sufficient or beyond a reasonable doubt? I think that's my big hesitation here, that it is not a model of clarity. And the court itself seems confused about what the evidence supported. And we've made clear for this particular guideline, the court has to make that determination beyond a reasonable doubt. Why would this satisfy that standard? I believe it satisfies the standard because there are no magic words that have to come through and the court does allow implicit findings. Implicit here within this, within the sentencing transcript is that the defendant agreed to rob both of the stores. I also think that by incorporating the PSR, which contains more detailed findings about each of the robberies and defendant's participation in them, there's certainly sufficient information here in order to conclude that the defendant conspired to commit both. Is that responsive to Jeff Saney's question about the standard of review though? When our holdings about implicit findings and the leniency that we afford sentencing explanations, that's all when it's preponderance of the evidence. My understanding is that's correct. I do not know of a standard that is different in applying to this specific application note which requires a beyond a reasonable doubt. But what the record does make clear is that the district court knew exactly what the standard was. I believe that as even defense counsel pointed out, it was the district court that led off the discussion about there needing to be a beyond a reasonable doubt finding here. It's hard to find any support in the case law because so few guideline calculations require the beyond a reasonable doubt finding. So there really isn't much case law out there. And then, Jeff, we made clear the beyond a reasonable doubt has to apply, but we didn't address some of these other issues. Yes. And I think that a lot of these issues can be sort of buttressed by the findings in the PSR. The PSR states that- But the problem about adopting the findings in the PSR is that we don't know what standard the probation office applied in coming to its recommendations. Presumably, they provoked. And then when district judges typically adopt the PSR, in their mind at least, they have the ponderance standard because that's kind of what it applies to in most situations. Here, I guess it would have been helpful if the judge had said, you know what, I adopt the statements and the factual findings of the PSR because I believe that those can be established beyond a reasonable doubt, but it didn't do that. And so, I'm troubled by the government's reliance upon the judge adopting the facts of the PSR in kind of that context of where it's not completely coherent as to what standards were applied in adopting those facts.  Can we- Is there a way that- Do you think- Is there an avenue by which the district judge's decision, the sentence can be affirmed, putting aside his reliance on the PSR? Or do you think that reliance on the PSR is central or a necessary component of the house that you're trying to build? I don't think the PSR is necessary. I think it is certainly helpful. And I think that because the district court knew that it was adopting those facts within the context of beyond a reasonable doubt, it's fair to infer that it knew that those facts that are in the PSR, it was adopting beyond a reasonable doubt. But I think the big difference here, even setting aside the PSR, is that this is the district court judge who sat through the entire trial. This district court judge sat through the testimony of three co-conspirators who got up and said that the defendant was a member of their conspiracy and that he conspired with them to commit both of these robberies and that testified that he was at both robberies. That was all corroborated by video evidence as well. Well, this leads me to a final question for me, at least. Have you waived harmless error analysis? I don't believe that harmless error analysis applies here. If this is truly an issue of procedural error and the procedure is failure to explain, I don't think that the failure to explain is subject to harmless error. I think the proper process would be for this to go back down to the district court and for there to be proper explanation. Unless there are any further questions, I ask that you affirm the decision of the district court. Thank you. Thanks. Mr. Tice? I have a brief comment about the PSR, although it's a little unclear to what extent the government relies on it. The PSR very explicitly states that the writer is relying on the indictment and the government's version of the offense. Even more importantly, in paragraph 56 of the PSR, the writer says, pursuant to U.S.S.G. 1B.1.2d, which is, of course, the guideline, a conviction on account of charging a conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate count of conspiracy for each offense that the defendant conspired to commit. It's clear from that language that the PSR writer is not really thinking about the knotty issues that bring us here today. So the PSR is not going to resolve this. The key, of course, is what we looked at on page 17 of the transcript where the judge is saying, I don't have any recollection. So thank you very much. Thank you, Mr. Tice. The court will take the case under advisement.